

Date: May 9, 2002

Property Address: 2710 NORTH 23RD STREET, Philadelphia, PA  19132
Address #2:
Address #3:

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that  I have received, I promise to pay U.S. $    25,875.00       (this amount will be called "principal"), plus interest, to the order of the Lender.

The Lender is: DELTA FUNDING CORPORATION

I Understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder."

## 2. INTEREST

I will pay interest at a yearly rate of   13.540  %. Interest will be charged on unpaid principal until the full amount of principal has been paid.

## 3. PAYMENTS

I will pay 360 payments of $297.19     representing principal and interest beginning on   07/01/2002 and monthly thereafter.  I will make these payments every month until I have paid all of the principal and interest and any charges, described below, that I may owe under this Note. Payments will be applied to interest before principal.

If ,on    June 1, 2032                     I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at    DELTA FUNDING CORPORATION
1000 WOODBURY ROAD
Woodbury, NY  11797

or at a different place if required by the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If  the Note Holder has not  received the full amount of my monthly payments by the end of  15     calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount of the charge will be  5.000   % of my overdue payment  but not less than U.S. $14.86  and not more than U.S. $  14.86

I will pay this late charge only once on any late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.  I may be notified in writing about this default and how to cure it prior to acceleration. Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (C) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of principal at any time before they are due.  A payment of principal only is known as a "prepayment".  When I make a prepayment, I will tell the Note Holder in a letter that I am doing so.  A prepayment of all of the unpaid principal is known as "full prepayment".  A prepayment on only part of the  unpaid principal is known as a "partial prepayment".

The Note Holder will use my prepayments to reduce the amount of principal I owe under this Note.

**I may make a full prepayment or a partial prepayment without paying any penalty.**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 8. GIVING OF NOTICES

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

## 9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

**10.** If I am in default for any reason, you have the right to demand payment of the entire amount I owe you. If Lender requires payment in full or in the event of a foreclosure action, I agree that whenever an attorney is used to obtain payment under or otherwise enforce this mortgage or to enforce, declare or adjudicate any rights or obligations under this mortgage or with respect to the mortgaged premises, whether by suit or by any other means whatsoever, reasonable attorneys' fees and disbursements incurred by the mortgagee in connection therewith shall be payable by me and shall be deemed to be part of the debt secured by this mortgage, and that such total amount shall be paid by me with interest, up to the day you actually receive such payment, even after a judgment of foreclosure and sale is granted; in the event of a default, the interest rate will be the Note Rate per annum.

## 11. BANKRUPTCY

If I am permitted to cure a default of this Note or the Mortgage securing this Note pursuant to the United States Bankruptcy Code (Title 11 U.S.C.) or other applicable law, I specifically agree that the amount necessary to cure the default shall include the sum of all amounts past due under the terms of the Note and/or Mortgage, including all principal, interest, and late charges, and all amounts advanced by Lender pursuant to the terms of the Note and/or Mortgage, including all attorney's fees and interest rate required by the Note and/or Mortgage from the date on which I elect to cure the default to the date on which the default is fully cured. Nothing herein shall be construed to allow me any right to cure any default of the Note or Mortgage except as specifically authorized under the United States Bankruptcy Code (Title 11 U.S.C) or other applicable law.

## 12. APPLICATION OF PAYMENTS

Payments will be applied, when received, first to prepayment charges due under the Note; next to pay accumulated late charges under the Note; next to pay any payments due for taxes, insurance or other charges or advances necessary to protect Lender's security, next to interest and finally to principal.

**13.** DEFAULT IN THE PAYMENT OF THE LOAN AGREEMENT MAY RESULT IN THE LOSS OF THE PROPERTY SECURING THIS LOAN, UNDER FEDERAL LAW, YOU MAY HAVE THE RIGHT TO CANCEL THIS AGREEMENT. IF YOU HAVE THIS RIGHT, THE CREDITOR IS REQUIRED TO PROVIDE YOU WITH A SEPARATE WRITTEN NOTICE SPECIFYING THE CIRCUMSTANCES AND TIMES UNDER WHICH YOU CAN EXERCISE THIS RIGHT.

## 14. NOTE SECURED BY A MORTGAGE

This Note is a instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.

Dated: May 9, 2002
Property Address:    2710 NORTH 23RD STREET, Philadelphia, PA   19132
Address #2:
Address #3:

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note in the amount of  25,875.00

NOTE DATE:  May 9, 2002

BORROWER NAME:  ANTHONY LYNCH

PROPERTY:  2710 NORTH 23RD STREET, PHILADELPHIA, PA 19132

PAY TO THE ORDER OF:

WITHOUT RECOURSE:
WELLS FARGO BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO
WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE F/K/A
NORWEST BANK MINNESOTA,NATIONAL ASSOCIATION, AS TRUSTEE FOR
RENAISSANCE HEL TRUST 2002-2

Signer:    **Lesley Feinsilver**
Title:

Senior Servicing Operations Specialist

# ALLONGE

RE:  **ANTHONY LYNCH**



**PROPERTY ADDRESS:**  2710 NORTH 23RD STREET, Philadelphia, PA   19132
**ADDRESS #2:**
**ADDRESS #3:**

## PAY TO THE ORDER OF:

**WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION,
AS TRUSTEE FOR RENAISSANCE HEL TRUST 2002-2**

**WITHOUT RECOURSE
DELTA FUNDING CORPORATION**

BY _____

CAROL HOLLMANN, VICE PRESIDENT

# ALLONGE

**RE:   ANTHONY LYNCH**

**PROPERTY ADDRESS:**   2710 NORTH 23RD STREET, Philadelphia, PA   19132
    **ADDRESS #2:**
    **ADDRESS #3:**

**PAY TO THE ORDER OF:**

WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION,
AS TRUSTEE FOR RENAISSANCE HEL TRUST 2002-2

**WITHOUT RECOURSE**
**DELTA FUNDING CORPORATION**

BY _____

CAROL HOLLMANN, VICE PRESIDENT

b_allong